# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Adelina Candray-Martinez, | No. CV-26-01791-PHX-DWL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

In their response to the OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 7 at 7.) Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent the Petition seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within 14 days." (*Id.* at 7-8.) Respondents also indirectly contend that *Echevarria* was wrongly decided. (*Id.* at 2-4.) Given this backdrop, the Court concludes (consistent with the OSC) that the Petition should be granted, at a minimum, based on its independent view that her detention is governed by § 1226 and not § 1225 for the reasons set forth in *Echevarria*.

The Court will order Petitioner to be released from custody under the Immigration Judge's alternative bond determination that Petitioner is not a danger and is eligible for release on a $11,000 bond. (Doc. 1 at 10.).

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must release Petitioner under the Immigration Judge's alternative bond determination.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 27th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -